*JEW*

*WℋW*

*WℛC ℓby JEW*

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 KA 0826

STATE OF LOUISIANA

VERSUS

LIONEL LARRY HARDY

JUDGMENT RENDERED: ___**APR 1 6 2021**___

* * * * * * *

Appealed from
The Twenty-Second Judicial District Court
In and for the Parish of St. Tammany • State of Louisiana
Docket Number 605248 • Division F

The Honorable Vincent J. Lobello, Judge Presiding

* * * * * * *

Jane L. Beebe
*Louisiana Appellate Project*
Addis, Louisiana

ATTORNEY FOR APPELLANT
DEFENDANT—Lionel Larry Hardy

Warren L. Montgomery
*District Attorney*
Matthew Caplan
*Assistant District Attorney*
Covington, Louisiana

ATTORNEYS FOR APPELLEE
State of Louisiana

* * * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

The State of Louisiana charged the defendant, Lionel Larry Hardy, by bill of information with armed robbery with a firearm, a violation of La. R.S. 14:64 and La. R.S. 14:64.3 (count one), and possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 (count two). He pled not guilty. At trial, the defendant unsuccessfully moved to require conviction by a unanimous jury verdict. After a trial by jury, the jury found the defendant guilty as charged on both counts, by a 10 to 2 jury vote. The trial court imposed a sentence of twenty-five years imprisonment at hard labor with an additional consecutive sentence of five years due to a firearms enhancement for the armed robbery with a firearm conviction, to run concurrently with a term of ten years imprisonment at hard labor for the possession of a firearm by a convicted felon conviction. The trial court ordered each sentence to be served without the benefit of probation, parole, or suspension of sentence. The defendant filed and was granted an out-of-time appeal. For the following reasons, we vacate the defendant's convictions and sentences on both counts and remand to the trial court.

## CONSTITUTIONALITY OF NON-UNANIMOUS VERDICT

In his first assignment of error, the defendant argues the use of non-unanimous verdicts to convict him violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution. The State agrees that due to recent jurisprudence, the defendant is entitled to a new trial.

Immediately prior to the introduction of any evidence, the defendant orally motioned the court to require a unanimous jury verdict arguing that to only apply the recent amendment to Louisiana Constitution to persons who committed an offense on or after January 1, 2019, would be a violation of the equal protection clause of the United States Constitution. See La. Const. art. I, § 17(A); La. C.Cr.P. art. 782(A). The trial court denied the motion. Following the return of the jury's verdict, the trial

2

court conducted a written jury poll in this matter. The trial court sealed the polling results. <u>See</u> La. C.Cr.P. art. 812. The jury voted 10 to 2 to convict on both counts.

In the recent decision of **Ramos v. Louisiana,** ___ U.S. ___, 140 S. Ct. 1390, 1397, 206 L. Ed. 2d 583 (2020), the United States Supreme Court overruled **Apodaca v. Oregon,**[1] 406 U.S. 404, 92 S. Ct. 1628, 32 L. Ed. 2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos,** 140 S. Ct. at 1406. <u>See also</u> **Schriro v. Summerlin,** 542 U.S. 348, 351, 124 S. Ct. 2519, 2522, 159 L. Ed. 2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"); **State v. Dearmas,** 2019-1609 (La. App. 1st Cir. 7/24/20), 309 So. 3d 391, 392. Accordingly, the defendant's first assignment of error has merit.

## DECREE

We vacate the defendant's convictions and sentences on counts one and two. We remand this matter to the trial court. Our disposition of the defendant's first assignment of error moots consideration of assignment of error number two.

**CONVICTIONS AND SENTENCES VACATED; REMANDED.**

---

[1] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca.** In **Johnson v. Louisiana,** 406 U.S. 356, 92 S. Ct. 1620, 32 L. Ed. 2d 152 (1972), decided with **Apodaca,** the Supreme Court upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.